### COLE & MOTORS INS. CORP., Plaintiffs-Appellees, v. HUNTINGTON, Defendant-Appellant.

Common Pleas Court, Hamilton County.

No. A-131382.   Decided July 31, 1952.

Elmer E. Strasser, Cincinnati, for defendant-appellant.
McCaslin, Imbus & McCaslin, Cincinnati, for plaintiffs-appellees.

## OPINION

By BELL, J.

This is an appeal on questions of law from the Municipal Court. The cause is bottomed upon the proposition that appellees (plaintiffs below) are entitled to recover damages from appellant (defendant below) as the result of a collision of two motor vehicles which occurred on April 29, 1950.

The cause has been tried twice. Upon the first trial the Municipal Court directed a verdict in favor of defendant. Upon appeal this court reversed that judgment and remanded the cause for a new trial. Upon re-trial the jury failed to agree upon a verdict and the defendant (in that court) again has filed an appeal upon questions of law in addition to which plaintiffs (in that court) have filed a cross-assignment of errors.

Defendant-appellant assigns but one claimed error:

"Overruling by the Municipal Court of the defendant-appellant's motions for a directed verdict."

The defendant below made motions for a directed verdict in his favor at the conclusion of plaintiffs' evidence and renewed said motion at the conclusion of all the evidence.

This court has read the transcript in its entirety and in my view there is purely a question of fact for determination by a jury and not a question of law for determination of a court.

Hence, the appeal of defendant-appellant here, cannot be sustained.

Coming now to consider the cross-assignment of errors, it should be noted in passing that plaintiffs below (appellees here) filed no notice of appeal in the trial court and it is a matter of grave doubt whether they have any standing in this court. However, defendant-appellant has failed to file a motion to dismiss the cross-assignment of errors, so that the court will consider the cross-assignment of errors which are as follows:

1. The trial court committed error prejudicial to the plaintiffs in overruling plaintiffs' motion to withdraw a juror and to continue the case at the costs of the defendant.

2. Overruling plaintiffs' motion for judgment notwithstanding the disagreement of the jury.

The first claim of error is based upon the admitted fact that counsel for defendant below had a conversation with one of the jurors during the trial of the cause at one of the recesses of the court. There was no claim that the conversation had any connection with the case. The trial court did not consider the matter of sufficient importance to warrant the granting of the motion. This court is at a loss to under-

stand how this ruling could be prejudicial to plaintiffs below when the jury failed to agree upon a verdict.

The second claim of error is that plaintiffs' (appellees here) motion for judgment notwithstanding the disagreement of the jury was overruled.

The court is familiar with the statute which grants authority to sustain, in a proper case, a motion for judgment notwithstanding the verdict of a jury. No authority has been called to my attention which authorizes a court to grant a motion for judgment where a jury disagrees, where as here the question is purely factual.

The appeal as well as the cross-assignment of error should be and hereby is dismissed and the cause is remanded to the Municipal Court for further proceedings according to law.